**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL  NOS.  6:18-CR-00210(1)-ADA** |
| | § | **and 6:18-CR-00107(1)-ADA** |
| | § | |
| **SKYLAR ANTONIO BRADEN** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE,

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Skylar Antonio Braden's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On July 14, 2022, Braden was sentenced to 26 years in state custody in case number 82605 for Aggravated Robbery with a Deadly Weapon in the 264th District Court, Bell County, Texas. On November 28, 2018, Braden was sentenced to 24 months in custody and five years of supervised released in 6:18-cr-00210(1) for failing to register as a sex offender and in 6:18-cr-107(1) for possessing a firearm as a convicted felon.

On May 13, 2020, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging that Braden violated the terms of his supervision in the following ways:

**Violation Number 1:** Braden violated mandatory condition number 7, in that, from February 2020 to March 2020, Braden failed to pay his court ordered fees in accordance with his agreement to modify his conditions of supervision which instructed Braden to pay $22.00 per month towards his court ordered fees beginning in February 2020.

**Violation Number 2:** Braden violated mandatory condition number 2, in that, on or about February 18, 2020, Braden used or possessed marijuana in that he tested positive for marijuana on that day.

**Violation Number 3:** Braden violated standard condition number 5, in that, Braden failed to notify the probation officer of a change in residence as he no longer resided at the address provided in Killeen, Texas.

On June 2, 2026, the Court held a hearing on the petition. At the hearing, Braden pled **TRUE**. The petition contained a sufficient factual basis to support a plea of **TRUE**.

## II.  FINDINGS OF THE COURT

Based on Braden's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1.    Braden violated the conditions of his supervision as alleged in the petition.

2.    Braden was competent to make the decision to enter a plea of **TRUE**.

3.    Braden had both a factual and rational understanding of the proceedings against him.

4.    Braden did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. Braden was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. Braden was sane and mentally competent to stand trial for these proceedings.

7. Braden was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Braden received a copy of the petition naming him, and he either read it or had it read to him.

9. Braden understood the petition and the charges alleged against him.

10. Braden had a sufficient opportunity to discuss the petition and charges with his attorney.

11. Braden was satisfied with the job his attorney has done and had no complaints about his attorney.

12. Braden understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. Braden freely, intelligently, and voluntarily entered his plea of **TRUE**.

14. Braden understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Braden's pleas of **TRUE**.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that Braden's supervised release be **REVOKED** and that he be sentenced to the following:

(1) a 6 month term of imprisonment to run concurrently with Braden's state law sentence, including credit for any time already served since his arrest; and

(2) no period of supervised release to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 5th day of June, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE